```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

ROSALIE SIMICHAK,                :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:04CV1440(RNC)
                                 :
STATE OF CONNECTICUT             :
DEPARTMENT OF CHILDREN AND       :
FAMILIES,                        :
                                 :
     Defendant.                  :
```

## RULING

The plaintiff, Rosalie Simichak, brings this employment discrimination action against the State of Connecticut Department of Children and Families. The plaintiff alleges that the defendant denied her employment in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 et seq. Pending before the court are the plaintiff's motion in limine and/or for sanctions (doc. #36) and the defendant's motions for "extension of time to conduct discovery nunc pro tunc and permission to file summary judgment." (Doc. #39, 41.) For the reasons that follow, the motions are granted in part and denied in part.

I.   Plaintiff's Motion in Limine and/or Motion for Sanctions

The plaintiff moves for an order precluding the defendant from introducing certain evidence on the ground that the defendant did not provide this information in response to discovery requests. The following facts are relevant to the resolution of the motion.

On December 16, 2004, the plaintiff propounded interrogatories and requests for production ("First Request for Disclosure and Production") seeking information on positions it had filled for which the plaintiff was qualified but not interviewed. On December 16, 2004, the defendant responded to some of the requests. (Doc. #38, Ex. 2.) However, the defendant did not respond to interrogatories 5 and 6, which requested as to each position filled the reason(s) the chosen candidate was selected and the reason(s) the plaintiff was not. On February 8, 2005, the plaintiff moved to compel responses. (Doc. #23.) The defendant did not file a response to the motion and on March 11, 2005, the court granted the plaintiff's motion absent objection or response of any kind. (Doc. #29.) In a further attempt to obtain the information sought in the discovery requests,[1] on May 2, 2005 the plaintiff noticed a Rule 30(b)(6) deposition for a person or person(s) able to testify about "[t]he reason(s) why Plaintiff was not selected" and "[t]he reasons why the successful applicant was selected" for specifically identified positions. (Doc. #38, Ex. 3, Notice of Dep.) At the June 2, 2005 deposition, the defendant produced a representative, Wanda Estrella, who was unable to answer these questions. (Doc. #38, Ex. 4, Dep. at 50-51.) On August 5, 2005, the undersigned conducted a status conference with the parties in which the

---

[1]The defendant never supplemented its original responses to the interrogatories.

defendant's counsel indicated that she now could produce a witness able to respond to the plaintiff's questions. As it turned out, the proposed deponent was the same individual who previously had been unable to answer the plaintiff's questions. The plaintiff, therefore, declined to conduct another Rule 30(b)(6) deposition. On August 18, 2005, the plaintiff filed the instant motion in which she seeks an order prohibiting the defendant from offering evidence as to the reasons why the successful applicant was selected for each identified position and the reasons why the plaintiff was not selected. The plaintiff contends that preclusion is warranted because: (1) the defendant failed to comply with the court's March 11, 2005 order compelling responses and (2) the defendant violated Fed. R. Civ. P. 30(b)(6) by not designating an individual able to respond to questions regarding the designated subject matter.[2]

Fed. R. Civ. P. 37 provides "a spectrum of sanctions" for failure to comply with discovery. Cine Forty-Second Street v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979). The imposition of sanctions is committed to the trial court's

---

[2] "Under Rule 30(b)(6), when a party seeking to depose a [governmental agency] announces the subject matter of the proposed deposition, the [governmental agency] must produce someone familiar with that subject. . . . To satisfy Rule 30(b)(6), the [governmental agency] has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf. . . . When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence. See Fed. R. Civ. P. 37(b)(2)(B)." Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 268 (2d Cir. 1999) (citations omitted.)

discretion.  Friends of Animals Inc., v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997).  "[P]reclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations . . . ."  Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988).  See Cine Forty-Second Street v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066-67 (2d Cir. 1979).

It is undisputed that the defendant has not provided the plaintiff with the requested information.  In light of the defendant's noncompliance, the court finds that sanctions are warranted.  However, on the present record, the court declines to impose the harsh sanction of preclusion.  The court believes a lesser sanction is appropriate.  The defendant is hereby ordered to produce a witness competent to testify to the noticed subject matter and to bear the costs and attorney's fees incurred by the plaintiff's deposition of the defendant's Rule 30(b)(6) designee.

II.   Defendant's Motions for Extension of Time

The defendant moves to re-open discovery to depose the plaintiff and to file a motion for summary judgment.

The case originally was filed in state court.  The defendant was served with the complaint on August 6, 2004.  On September 1, 2004, the defendant removed the case to federal court.  (Doc. #1.)  On December 9, 2004, the parties filed their Rule 26(f) report in which they proposed that "[a]ll discovery . . . be completed (not

4

propounded) by June 6, 2005."  (Doc. #17.)  The court adopted this date in the case management order it issued on December 13, 2004.  (Doc. #18.)  The defendant took no discovery.  On August 26, 2005, three months after the expiration of the June 6, 2005 discovery deadline, the defendant filed the instant motion requesting that discovery be re-opened so that it could take the plaintiff's deposition.  The defendant's request is denied.  The defendant has not made any showing that despite due diligence it could not have conducted the deposition within the discovery deadline.  See D.Conn.L.Civ.R. 7(b)(2).  The defendant's motion for summary judgment shall be filed by November 28, 2005.  See Fed. R. Civ. P. 56(b); In Re School Asbestos Litigation, 977 F.2d 764, 794 (3rd Cir. 1992).

SO ORDERED at Hartford, Connecticut this 8th day of November, 2005.


_____/s/_____
Donna F. Martinez
United States Magistrate Judge